United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 31, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-70039

LARRY RAY SWEARINGEN,

Petitioner-Appellant,

VERSUS

NATHANIEL QUARTERMAN, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Texas, Houston Division

(4:04-CV-02058)

Before JONES, Chief Judge, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Petitioner Larry Ray Swearingen ("Swearingen"), a Texas inmate sentenced to death for the capital murder of Melissa Trotter, appeals the district court's denial of his federal petition for a writ of habeas corpus. The district court granted a Certificate of Appealability ("COA") for Petitioner's sufficiency of the evidence claim. Petitioner has not requested that this Court grant a COA on any of the other issues addressed by the district court.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Petitioner's capital conviction resulted from a Texas jury's determination that Petitioner murdered Melissa Trotter during the commission or attempted commission of either (1) a kidnapping or (2) an aggravated sexual assault. Petitioner in his brief does not dispute the sufficiency of the evidence supporting the jury's determination that he murdered Trotter, but does dispute the sufficiency of the evidence relating to kidnapping and sexual assault. Because the jury's verdict did not specify whether the jury found Petitioner death-penalty-eligible under the kidnapping or sexual assault precursor, Petitioner must show that the evidence was insufficient to support both theories. *See Santellan v. Cockrell*, 271 F.3d 190, 196 (5th Cir. 2001).

For essentially the reasons state by the district court in its written memorandum and order, we find that Petitioner cannot make the requisite showing. Our independent review of the evidence compels us to conclude that, as to both kidnapping and sexual assault, "a reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 318-19 (1979).[1]

---

[1]Petitioner also argues that the Texas Court of Criminal Appeals ("TCCA") used an erroneous standard in its review of the sufficiency of the evidence. Namely, Petitioner contends that the TCCA analyzed the issue under *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996), rather than *Jackson v. Virginia*, 443 U.S. 307 (1979), and therefore applied a rule that contradicted applicable Supreme Court law. *See* 28 U.S.C. § 2254(d)(1). We agree with the district court that Petitioner's argument is unconvincing. The TCCA cited *Jackson* and analyzed the sufficiency of the evidence under a framework that adequately resembled, and certainly was not contrary to, a *Jackson* analysis.

The district court's denial of Petitioner's federal habeas petition is AFFIRMED.[2]

**AFFIRMED.**

---

[2]We note also that at various times in his briefings Petitioner states that he intends in the future to raise a claim based on actual innocence. If so, Petitioner must file his claim promptly or run the risk of having that claim deemed dilatory and therefore rejected. Such a dilatory filing could also raise the issue of bad faith on the part of Petitioner's attorneys and lead to the imposition of sanctions.